

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

April 14, 1964

Honorable C. J. Eden
County Attorney
Stephens County Courthouse
Breckenridge, Texas

Opinion No. C-244

Re: Constitutionality of
Article 667, Section
10½, V.P.C.

Dear Mr. Eden:

In your recent letter to this office you stated the following facts:

"There is only one incorporated city or town located in Stephens County, Texas, and that being Breckenridge. According to the 1960 federal census, Stephens County contained a total population of 8,885, and the City of Breckenridge contained a total population of 6,450. Prior to January 1, 1957, the City of Breckenridge, by ordinance, prohibited the sale of beer on Sunday within the limits of said city."

Based upon these facts, your letter requests the opinion of this office as to whether the third paragraph of Section 10½ of Article 667 of Vernon's Texas Penal Code applies to Stephens County and, if so, whether such provision is constitutional.

The third paragraph of such article reads as follows:

"When, in a county in which only one incorporated city or town is located, and said incorporated city or town has within its limits a majority of the total population of said county according to the last preceding Federal Census, and said incorporated city or town has, prior to January 1, 1957, by valid charter amendment or ordinance, shortened the hours of sale of beer permitted on Sundays by Section 10 of Article II of this Act, then the Commissioners Court of said county is hereby given the power after publication of notice for four (4) consecutive weeks in some newspaper of general circulation published in

said county, or if there be no such newspaper published in said county then in some newspaper published in a nearby county and generally circulated in said county, to enter an order prohibiting the sale of beer on Sundays during the same hours when it is prohibited by said charter amendment or ordinance in any part or all of the areas within the prescribed limits of said county lying outside of said incorporated city or town."

Based upon the facts which you have stated, it is quite apparent that Stephens County is within the class of counties embraced by the foregoing language and you are hereby so advised. The following discussion and authorities will be directed toward the constitutionality of this language.

Since the provision in question is not, by its terms, applicable in all counties generally, we shall first consider whether it is proscribed as a local or special law by Section 56 of Article III of the Texas Constitution. In our opinion it is. Our Supreme Court in Miller v. El Paso County, 136 Tex. 370, 150 S W.2d 1000 (1941) has succinctly stated the prevailing rule with regard to legislation of the type here under consideration at page 1001-1002 of 150 S.W.2d:

"Notwithstanding the above constitutional provision, the courts recognize in the Legislature a rather broad power to make classifications for legislative purposes and to enact laws for the regulation thereof, even though such legislation may be applicable only to a particular class or, in fact, affect only the inhabitants of a particular locality; but such legislation must be intended to apply uniformly to all who may come within the classification designated in the Act, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In other words, there must be a substantial reason for the classification. It must not be a mere arbitrary device resorted to for the purpose of giving what is, in fact, a local law the appearance of a general law." (See also the cases there cited.)

Looking at the provision in question, we see that it is applicable only in counties:

(1) in which there is only one incorporated town or city; and

(2) which incorporated town or city has within its limits a majority of the population within the county according to the last preceding Federal census; and

(3) which incorporated town or city has prior to January 1, 1957, by valid charter amendment or ordinance, shortened the hours permitted for the sale of beer on Sunday.

While it is undoubtedly the purpose of this provision of Article 667-10½ to provide a process whereby the legal hours for the sale of beer on Sunday may be made uniform throughout those counties in which it is applicable, in our opinion the class of counties affected is without substantial basis or distinguishing features and is therefore proscribed as a local or special law by Section 56 of Article III of the Texas Constitution.

Our reason for so holding becomes obvious when one tries to justify the inclusion within the operation of the statutory provision A County, in which the required ordinance or charter amendment was adopted on December 31, 1956, and the exclusion from such class of B County, in which such ordinance or charter amendment was adopted on January 1, 1957 /or for that matter at any time thereafter7 In other words, the question of whether or not the requisite ordinance or charter amendment was adopted prior to January 1, 1957 or subsequent thereto bears no reasonable relation to the purposes which the legislation is designed to accomplish, therefore, the segregated category is not substantially distinct from the other. We can perceive of no logical or rational basis for the classification made by the legislature in this instance.

The foregoing discussion and holding has been directed solely to the third paragraph of Section 10½ of Article 667 of Vernon's Texas Penal Code. Article 667-10½ was enacted as Senate Bill 20, Acts 55th Legislature, Regular Session, 1957, Ch. 270, p. 604, and such Act contains a severability clause. By striking only the third paragraph of the Act, the portion remaining is complete in itself and capable of being carried

into effect within the limits of the expressed legislative intent. Therefore, this opinion does not express itself upon the constitutionality of the remainder of Article 667-10½.

### SUMMARY

The third paragraph of Article 667-10½, V.P.C., is a local or special law prohibited by Section 56 of Article III of the Texas Constitution and is therefore unconstitutional; this portion of the Article being severable, we express no opinion on the constitutionality of the remainder of Article 667-10½, V.P.C.

Very truly yours,

WAGGONER CARR
Attorney General

By: W. O. Shultz
Assistant

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Scott Garrison
Lloyd Martin
Linward Shivers
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone